**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JIAN RUI LIU,

     Petitioner,

v.

                                Case No. 1:26-cv-00655-MIS-SCY

GEORGE DEDOS, Warden, Torrance
County Detention Center; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting Attorney General of the United States;
TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement; and
MARY DE ANDA-YBARRA, Field Office
Director of the El Paso Field Office of
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement,

     Respondent.

## ORDER DENYING WITHOUT PREJUDICE AMENDED PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jian Rui Liu's Amended Petition for Writ of Habeas Corpus ("Petition"), ECF No. 5, filed March 4, 2026. The Federal Respondents filed a Motion to Dismiss and Response to the Petition on March 18, 2026 ("Response"),[1] to which Petitioner did not reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will deny the Petition without prejudice.

---

[1]     The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 6. However, as has become customary in these cases, the Warden did not respond to the Petition.

I.      **Background**

Petitioner is a citizen of China who entered the United States on December 25, 2013 on a non-immigrant B2 visa set to expire on June 24, 2014.  Decl. of Supervisory Detention and Deportation Officer Joaquin Quevedo ("Quevedo Decl.") ¶ 11, ECF No. 11-1.  Petitioner overstayed his visa without authorization to do so.  Id.

On January 22, 2018, Petitioner encountered U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") after being arrested in New York for 2nd degree possession of a forged instrument.  Id. ¶ 12.  On June 15, 2018, an immigration judge granted petitioner bond.  Id. ¶ 13.  The Department of Homeland Security ("DHS") subsequently issued Petitioner a Notice to Appear, charging Petitioner with violating Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA").  Id. ¶ 14.

On July 10, 2019, an immigration judge ordered Petitioner removed to China.  Decl. of Deportation Officer Aida Villalobos Regarding Jian Rui Liu ("Villalobos Decl.") ¶ 4, ECF No. 19-1.  Petitioner did not appeal this Order.  Resp. at 2.  Petitioner was placed under an Order of Supervision and instructed to report on January 18, 2023 with a valid Chinese passport or proof of passport application from the Chinese Embassy or Consulate.  Villalobos Decl. ¶ 5.

On January 18, 2023, Petitioner reported to ICE ERO in New York, NY with no Chinese passport or proof of application for travel documents.  Id. ¶ 6.  Petitioner was instructed to report on several other occasions (February 15, 2023, February 27, 2023, March 13, 2023, March 27, 2023, April 11, 2023, July 20, 2023, July 12, 2024, July 22, 2024, August 5, 2024, February 3, 2025, June 3, 2025) and failed to comply with his Order of Supervision by not providing proof of a passport application or proof of contacting the Chinese Embassy or Consulate.  Id.

On June 7, 2025, Petitioner was taken into custody at the ERO offices in New York "and processed as bag and baggage." Quevedo Decl. ¶ 18. The next day, he was transported to Delaney Hall Detention Facility "for room and board pending ICE AIR." Id. ¶ 19. On June 12, 2025, Petitioner was transferred via ICE AIR for staging. Id. ¶ 20. On June 14, 2025, Petitioner's paperwork was being prepared in the pre-removal stage. Id. ¶ 21. A few weeks later, Petitioner was transferred to El Paso and then to the Torrance County Detention Facility in Estancia, New Mexico. Id. ¶¶ 22-23.

On July 31, 2025, ICE ERO served Petitioner with a Form I-217 – Information for Travel Document or Passport. Villalobos Decl. ¶ 8(b). Petitioner refused to provide or complete the required information. Id.

On August 2, 2025, Petitioner refused to fill out the I-217 for electronic travel documents. Quevedo Decl. ¶ 25.

On December 4, 2025, ICE ERO served Petitioner with a Form I-229 – Warning for Failure to Depart. Villalobos Decl. ¶ 8(d). Petitioner refused to sign it. Id.

On December 9, 2025, ICE ERO submitted the final travel document request packet to ICE ERO Removal and International Operations. Id. ¶ 8(g).

On February 16, 2026, the Chinese Embassy verified Petitioner's nationality. Id. ¶ 8(h). On March 18, 2026, the Chinese Embassy issued a travel document for Petitioner. Id. ¶ 8(i).

On March 4, 2026, Petitioner filed his Amended Petition for Writ of Habeas Corpus, asserting that his prolonged detention violated his rights under the Fifth Amendment's Due Process Clause. ECF No. 5 ¶¶ 15-17.

On March 5, 2026, the Court issued an Order to Show Cause instructing Respondents to answer the Petition and show cause why it should not be granted. ECF No. 7 at 1-2. The Court

3

further ordered "that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing [him] from the United States during the pendency of this habeas action, absent any final removal order." Id. at 2.

On March 18, 2026, Respondents filed an Emergency Motion to Lift Temporary Restraining Order, requesting that "the Court lift the prohibition on moving the Petitioner from the State of New Mexico solely for the purpose of completing his deportation/removal." ECF No. 9 at 1. Therein, Respondents explain that they "have a final order of removal and have recently secured a flight for the Petitioner to remove/deport him out of the United States and back to his home country of China." Id. at 1-2. The Court issued an Order expediting briefing on Respondents' Emergency Motion, ECF No. 10, but Petitioner did not respond.

Also on March 18, 2026, Respondents filed their Response to the Amended Petition for Writ of Habeas Corpus. ECF No. 11.

On March 20, 2026, Respondents filed an Amended Emergency Motion to Lift Temporary Restraining Order, which is essentially the same as the original, but reflecting that Petitioner failed to timely respond to the original. ECF No. 12.

On March 20, 2026, the Court issued an Order granting the Amended Motion to Lift Temporary Restraining Order, thereby permitting Respondents to remove Petitioner from the United States pursuant to a final order of removal. ECF No. 13.

On March 25, 2026, Petitioner was removed from a charter flight to China "due to lack of final seat allocation." Villalobos Decl. ¶ 8(j).

On March 30, 2026, Respondents filed a Notice to the Court as to Petitioner's Custody Status, stating that although Petitioner did not get on the charter flight to China, he was still in DHS custody in Virginia and would be returning to El Paso.  ECF No. 14.

On April 6, 2026, the Court ordered Respondents to supplement the record with updated information on Petitioner's whereabouts and removal status.  ECF No. 15.

On April 10, 2026, Respondents filed their Second Notice to the Court as to Petitioner's Custody Status, reflecting that Petitioner was back in El Paso, and that "Respondents are pending a response from the travel unit regarding Petitioner[']s current removal schedule."  ECF No. 16 at 2.

On April 16, 2026, "Petitioner failed to comply and did not board a scheduled commercial removal flight."  Id. ¶ 8(k).

On April 29, 2026, the Court ordered Respondents to file a Status Report "advising the Court as to whether DHS's travel unit has updated Petitioner's removal schedule."  ECF No. 17.

On May 4, 2026, Respondents filed an Amended Third Notice to the Court as to Petitioner's Custody, indicating that they "have requested a seat on the next charter flight" to China.  ECF No. 19; see also Villalobos Decl. ¶ 8(l).  "Respondents do not yet have a confirmed date for that flight but are working diligently on this matter."  ECF No. 19 at 1.  ERO does not anticipate impediments to removal on a charter flight.  Villalobos Decl. ¶ 10.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that

5

"[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.   Discussion

Petitioner challenges his prolonged detention without a bond hearing as a Fifth Amendment violation. Pet. ¶¶ 9-10, 12-17. He seeks immediate release or, in the alternative, a bond hearing. Id. ¶¶ 21-22.

Respondents argue that they have been diligently trying to remove Petitioner to China. Resp. at 2-3. They concede that Petitioner's post-removal-order detention exceeds six months, but they argue that, under the circumstances, his detention is reasonable. Id. at 5.

Post-removal-order detention is generally governed by 8 U.S.C. § 1231(a)(2), which mandates detention "[a]fter entry of a final removal order." Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)). Pursuant to the INA, the Government must remove a noncitizen from the United States within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. Id. § 1231(a)(2). As relevant here, the removal period begins when the removal order "becomes administratively final." Id. § 1231(a)(1)(B)(i). If ICE does not remove the noncitizen within the 90-day removal period, the noncitizen "shall be subject to supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

The Government may detain a noncitizen beyond the initial 90-day removal period only for the time "reasonably necessary" to effectuate removal. Zadvydas, 533 U.S. at 699; see also 8 U.S.C. § 1231(a)(6). Detention for six months is "presumptively reasonable." Zadvydas, 533 U.S. at 701. Once that period passes, a detainee need only "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the burden shifts to the Government to rebut that showing with evidence. Id. This framework applies equally to inadmissible and arriving noncitizens. See Clark v. Martinez, 543 U.S. 371, 386 (2005).

Here, Respondents concede that the presumptively reasonable six-month detention period has expired.[2] Resp. at 4.

However, the Court finds that Petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. "Courts have found this burden satisfied where, for example, a habeas petitioner shows that some impediment precludes removal to their country of origin." Aguilar v. Noem, Case No. 25-cv-03463-NYW, 2025 WL 3514282, at *3-5 (D. Colo. Dec. 8, 2025) (citations omitted). Here, Petitioner states only that "ICE is . . . unable to remove him to his home country." Pet. ¶ 14. The Court finds this fails to satisfy the requisite showing.

Furthermore, the Court observes that the reason Petitioner has not yet been removed from the U.S. is because he refused to board a commercial flight to China. Villalobos Decl. ¶ 8(k). The Court has found no authority holding that a habeas petitioner can meet his burden under Zadvydas by showing an impediment of his own making precludes removal to his country of citizenship. In

---

[2] Respondents do not argue that the removal period should be extended under 8 U.S.C. § 1231(a)(1)(C) because Petitioner "fail[ed] or refuse[d] to make timely application in good faith for travel or other documents necessary to [his] departure or conspire[d] or act[ed] to prevent [his] removal subject to an order of removal."

fact, the Tenth Circuit has stated that "[t]he risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention." Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (10th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)).

Rather, the cases finding that the petitioner made the requisite showing have involved noncitizens who were granted withholding of removal to their country of citizenship with no indication that any third country would accept them. See, e.g., Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); Trejo v. Warden of ERO El Paso E. Mont., 807 F. Supp. 3d 697, 704 (W.D. Tex. 2025); Zhuzhiashvili v. Carter, 802 F. Supp. 3d 1337, 1340 (D. Kan. 2025). Those are not the facts of this case. Petitioner simply refused to board a commercial flight to China, Villalobos Decl. ¶ 8(k), and he was removed from a chartered flight to China "due to lack of final seat allocation[,]" id. ¶ 8(j).

For these reasons, the Court finds that Petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

However, even if Petitioner had made the requisite showing, the Court finds that Respondents have successfully rebutted that showing. Specifically, on May 1, 2026, "ICE ERO requested a seat allocation for the next charter flight to China[,]" id. ¶ 8(l), and "ERO does not anticipate impediments to removal on a charter flight[,]" id. ¶ 10. Consequently, the Court finds that there is a significant likelihood of removal in the reasonably foreseeable future.

## IV.    Conclusion

Because Petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and because even if he did Respondents

rebutted that showing, his Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241,

ECF No. 5, is **DENIED without prejudice**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE